IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 SEP 26  A 8: 15

Ronald S. Tillman,                )    C. A. No. 2:06-0896-SB-RSC
                                  )
            Petitioner,           )
                                  )
      -versus-                    )    **REPORT AND RECOMMENDATION**
                                  )
S. C. Department of Probation,    )
Parole, and Pardon Services,      )
                                  )
            Respondent.           )

This habeas corpus petition under 28 U.S.C. § 2241 brought[1] by a federal prisoner proceeding *pro se* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on May 1, 2005. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

Petitioner, Ronald Tillman, is presently confined in the Federal Correctional Institution in Beaumont, Texas, serving a sentence for a federal criminal conviction unrelated to the state probation matter at issue here.

In 1978 Petitioner was charged in Richland County, South Carolina with Armed Robbery. (78-GS-40-1997). On October 19, 1978, he waived presentment to the grand jury and pled guilty as charged. Petitioner was sentenced under the South Carolina

---

[1] This petition was brought in the Eastern District of Texas and was transferred here on March 30, 2006.

1

Youthful Offender Act to an indeterminate sentence not to exceed 6 years imprisonment suspended upon the service of three (3) years. (Respondent's Exhibit #1). Petitioner did not appeal his conviction and has since satisfied this sentence.

Petitioner was subsequently indicted at the February, 1989, term of the grand jury for Richland County for murder (89-GS-40-0745). He was represented by Jack Swerling, Esquire. On January 15-23, 1990, Petitioner proceeded to trial by jury and was convicted as charged. He was sentenced by the Honorable Donald S. Rushing to life imprisonment. (Respondent's Exhibit #2). During the sentencing portion of the trial, it appears the Solicitor invoked his discretion under Section 17-25-45(2) (S.C. Code Supp. 1990) and asked the court to find the conviction was a third conviction for a "violent crime as defined in Section 16-1-60," which would render the sentence as one of "life imprisonment without parole." S.C. Code Ann. § 17-25-45(1) (S.C. Code Supp. 1990). Judge Rushing declined the request, finding the Solicitor had not satisfied the elements of the statute. (Respondent's Exhibits #3 & #4).

A timely Notice of Appeal was filed on Petitioner's behalf and an appeal was perfected by Swerling and Jennifer Kneece Shealy, Esquire. The petitioner did not challenge his sentence in his direct appeal. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. State v. Tillman,

2

Op. No. 1666 (S.C. Ct. App. filed May 28, 1991). (Respondent's Exhibit #5). On June 12, 1991, Petitioner submitted a Petition for Rehearing (Respondent's Exhibit #6) and in an Order dated June 20, 1991, the Petition was denied. (Respondent's Exhibit #7). The remittitur was sent down on June 13, 1991. (Respondent's Exhibit #8).

On July 17, 1995, Petitioner filed an application for post-conviction relief (PCR) (95-CP-40-2449) in which he alleged the following grounds for relief:

    1. Ineffective assistance of counsel;

    2. Brady violations; and

    3. Judge abused his discretion and denied the defendant a fair trial.

Petitioner was represented by Tara Dawn Shurling, Esquire.

In an Order dated March 24, 1997, the Honorable Casey Manning dismissed the Application without prejudice pending the return of the Applicant to the custody of the South Carolina Department of Corrections (SCDC). (Respondent's Exhibit #10).

On April 4, 1997, Petitioner filed a Motion to Alter or Amend (Respondent's Exhibit #11) and in an Order dated July 13, 1998, that Motion was denied. (Respondent's Exhibit #12). Petitioner filed a timely notice of appeal. The South Carolina Supreme Court denied the Petition for Writ of Certiorari on July 22, 1999.

On March 1, 2002, Petitioner filed a second Application for

PCR (02-CP-40-971) in which he alleged the following grounds:

1. Ineffective assistance of counsel;

2. Actual innocence; and

3. Prosecutorial misconduct.

On June 12, 2002, the State filed a Return and Motion to Dismiss. (Respondent's Exhibit #13). In a Rule to Show Cause dated June 13, 2002, the Honorable G. Thomas Cooper expressed his intent to summarily dismiss the matter in its entirety. On May 27, 2004, a hearing was convened at the Richland County Courthouse. Petitioner was not present at the hearing but was represented by Christopher Shea, Esquire. In an Order of Dismissal dated June 11, 2004, and an Amended Order of Dismissal dated June 16, 2004, the Honorable Alison R. Lee dismissed the PCR for failure to prosecute. (Respondent's Exhibits #14 and #15).

On February 7, 2005, Respondent, South Carolina Department of Probation, Parole, and Pardon Services, advised Petitioner in a "final decision" letter that he is ineligible for parole based on Section 24-21-640 of the South Carolina Code, which prohibits the Parole Board from granting parole to a prisoner serving a sentence for a subsequent violent offense. (Respondent's Exhibit #16). On March 9, 2005, Petitioner filed an appeal from the respondent's decision in the Administrative Law Court (ALC) challenging the Respondent's final decision regarding his parole

eligibility. (Respondent's Exhibit #17). On July 5, 2005, Respondent served and filed a Brief addressing Petitioner's claims. (Respondent's Exhibit #18). Petitioner subsequently submitted a "Traverse Response Brief To Respondent's Brief to Dismiss" to the ALC. (Respondent's Exhibit #19).

A decision on Petitioner's appeal has not been rendered by the ALC. This petition was filed on January 25, 2006. Respondents filed its motion for summary judgement arguing that the petitioner has not exhausted his state remedies as required under habeas law. 28 U.S.C. § 2254(b)(1). Petitioner was provided a copy of the motion on May 5, 2006, along with an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner filed an opposition to the motion on July 11, 2006. Hence it appears consideration of the motion is appropriate.

The following documents have been made part of the record here:

    1. Indictment and Sentencing Sheet for 78-GS-40-1997;

    2. Indictment and Sentencing Sheet for 89-GS-40-0745;

    3. S.C. Code § 17-25-45 (Supp. 1990);

    4. Pages 1123 to 1141 of trial transcript for 89-GS-40-0745;

5.  S.C. Court of Appeals Opinion filed May 28, 1991;

6.  Petition for Rehearing dated June 20, 1991;

7.  Order dated June 20, 1991, denying Petition for Rehearing;

8.  Remittitur dated June 13, 1991;

9.  Return and Motion to Dismiss dated October 6, 1995;

10. Order dated March 24, 1997;

11. Motion to Alter or Amend dated April 4, 1997;

12. Order dated July 13, 1998;

13. Return and Motion to Dismiss dated June 12, 2002;

14. Order of Dismissal dated June 11, 2004;

15. Amended Order of Dismissal dated June 16, 2004;

16. Final decision letter dated February 7, 2005;

17. Notice of Appeal Dated March 9, 2005;

18. Brief dated July 5, 2005;

19. Traverse Response Brief To Respondent's Brief to Dismiss;

### HABEAS ALLEGATION

Petitioner raises a single allegation in his Petition for Writ of Habeas Corpus:

> **GROUND ONE:** That the Respondent has violated the Constitution's Ex Post Facto Clause by changing his punishment after it was imposed by the sentencing court.
>
> SUPPORTING FACTS: Petitioner asserts that

>       Respondent has erroneously taken away his parole
>       eligibility. He also asserts that Respondent may
>       not now decide he is ineligible for parole as a
>       subsequent violent offender (S.C. Code Ann. §
>       24-21-640) because the trial court already
>       determined this not to be the case.

## DISCUSSION

A review of the record and relevant case law reveals the question presented is unexhausted and the petition should be dismissed without prejudice.

The exhaustion requirement set forth in 28 U.S.C. § 2254(b)[2], requires that "a habeas petitioner must fairly present his claim to the state's highest court." Baldwin V. Reese, 124

---

[2] The statute states in relevant part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(I) there is an absence of available State corrective process; or
    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1)-(3),(c).

7

S. Ct 1347, 158 L.Ed.2d 64 (2004). This gives the state the "'opportunity to ... correct' alleged violations of its prisoners' federal rights," Duncan v. Henry, 513 U. S. 364, 365, 115 S.Ct. 887 (1995). The exhaustion requirement is based upon "considerations of comity, the necessity of respect for coordinate judicial systems... ." Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

"An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (recognizing that, although not jurisdictional, the exhaustion requirement is strictly enforced; and that failure to exhaust remedies will be excused only where exhaustion requirement is expressly waived by the state or petitioner has technically complied therewith).

Here, the Petitioner failed to bear his burden of proving his ground for habeas relief has been exhausted. Indeed it is undisputed that on March 9, 2005, Petitioner appealed the respondent's denial of parole eligibility to the ALC, which appeal has not been concluded. This was the proper procedure: in South Carolina, an allegation that parole eligibility has been unlawfully denied may be raised for consideration by way of an appeal to the ALC. Furtick v. S.C. Dept. of Probation, Parole

8

and Pardon Services, 352 S.C. 594, 576 S.E.2d 146 (2002). Further, should Petitioner receive an unfavorable decision, it can be appealed to the Circuit Court, the South Carolina Court of Appeals, and ultimately the South Carolina Supreme Court. Therefore, Petitioner has adequate and available state remedies which must be exhausted before a habeas corpus petition under 28 U.S.C. § 2241 can be considered on the merits in federal court. He can pursue federal habeas corpus.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the Respondent's motion be granted and this matter dismissed without prejudice as an unexhausted petition.

Respectfully Submitted,

Robert S. Carr<br>
United States Magistrate Judge

Charleston, South Carolina

September 25, 2006

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402