IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald S. Tillman, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:06-0896 |
| v. ) | |
| ) | **O R D E R** |
| S.C. Department of Probation, Parole, ) | |
| and Pardon Services, ) | |
| ) | |
| Respondent. ) | |
| ) | |



This matter is before the Court upon the Petitioner's pro se petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Court referred the matter to United States Magistrate Judge Robert S. Carr for initial review.

## BACKGROUND

Presently, Petitioner Ronald S. Tillman is confined in the Federal Correctional Institution in Beaumont, Texas, where he is serving a sentence for a federal criminal conviction unrelated to the state probation matter at issue in his application for a writ of habeas corpus.

In 1978, the Petitioner faced charges of armed robbery in Richland County, South Carolina. On October 19, 1978, he waived presentment to the grand jury and pleaded guilty as charged. The court sentenced the Petitioner under the South Carolina Youthful Offender Act to an indeterminate sentence not to exceed six years imprisonment, suspended on the service of three years imprisonment. The Petitioner did not appeal this conviction, and he since has satisfied this sentence.

In February 1989, the Petitioner was indicted for murder in Richland County, South Carolina. Attorney Jack Swerling represented the Petitioner. The Petitioner proceeded to trial from January 15-23, 1990, after which, the jury convicted the Petitioner as charged. The Honorable Donald S. Rushing sentenced the Petitioner to life imprisonment. During sentencing, the solicitor appears to have invoked his discretion under section 17-25-45 of the South Carolina Code and asked the court to find the Petitioner's conviction to be a third conviction for a "violent crime as defined in section 16-1-60," which would make his sentence "life imprisonment without parole." S.C. Code Ann. § 17-25-45(1) (Supp. 1990). Judge Rushing declined the solicitor's request, finding that the solicitor had not satisfied the elements of the statute.

The Petitioner, with the aid of attorneys Jack Swerling and Jennifer Kneece Shealy, filed a notice of appeal. The South Carolina Court of Appeals affirmed the Petitioner's conviction and sentence. See State v. Tillman, Op. No. 1666 (S.C. Ct. App. Filed May 28, 1991). On June 12, 1991, the Petitioner submitted a petition for rehearing, which the court denied in an Order dated June 20, 1991. The remittitur was sent down on June 13, 1991.

On July 7, 1995, the Petitioner, who was represented by attorney Tara Dawn Shurling, filed an application for post-conviction relief ("PCR"), wherein he alleged the following grounds for relief: (1) ineffective assistance of counsel; (2) Brady violations; and (3) that the judge abused his discretion and denied the Petitioner a fair trial.

In an Order dated March 24, 1997, the Honorable Casey Manning dismissed the Petitioner's PCR application without prejudice pending the return of the Petitioner to the custody of the South Carolina Department of Corrections. The Petitioner filed a motion to alter or amend, which the court denied in an Order dated July 13, 1998. The Petitioner

2

then filed a timely notice of appeal; however, the South Carolina Supreme Court denied the Petitioner a writ of certiorari on July 22, 1999.

Thereafter, on March 1, 2002, the Petitioner filed a second PCR application, wherein he alleged the following grounds: (1) ineffective assistance of counsel; (2) actual innocence; and (3) prosecutorial misconduct. The State responded to the Petitioner's application with a motion to dismiss on June 12, 2002. In a Rule to Show Cause dated June 13, 2002, the Honorable Thomas G. Cooper expressed his intent to summarily dismiss the matter in its entirety. Then, on May 27, 2004, the court held a hearing at the Richland County Courthouse. The Petitioner was not present, but he was represented by attorney Christopher Shea. In an Order of Dismissal dated June 11, 2004, and an Amended Order of Dismissal dated June 16, 2004, the Honorable Alison R. Lee dismissed the application for failure to prosecute.



On February 7, 2005, the Respondent, South Carolina Department of Probation, Parole, and Pardon Services, advised the Petitioner in a "final decision" letter that he is ineligible for parole based on section 24-21-640 of the South Carolina Code, which prohibits the Parole Board from granting parole to a Petitioner serving a sentence for a subsequent violent offense. See S.C. Code Ann. § 24-21-640. On March 9, 2005, the Petitioner filed an appeal with the Administrative Law Court ("ALC"), challenging the Respondent's final decision regarding his parole eligibility. On July 5, 2005, the Respondent served and filed a brief addressing the Petitioner's claims. The Petitioner subsequently filed a "Traverse Response Brief to Respondent's Brief to Dismiss." As of this date, the ALC has not rendered a decision on the Petitioner's appeal.

On January 25, 2006, the Petitioner, proceeding pro se, filed the present § 2241

petition for a writ of habeas corpus in the United States District Court for the Eastern District of Texas. In his petition, Tillman asserts that the respondent has violated the United States Constitution's Ex Post Facto clause by changing his punishment after the court imposed it.

In a Transfer Order issued February 24, 2006, United States Magistrate Judge Earl S. Hines transferred the petition to this Court. On March 27, 2006, United States Magistrate Judge Robert S. Carr directed the Respondent to file an answer or other response to Tillman's petition. Thereafter, on May 1, 2006, the Respondent filed a motion for summary judgment, arguing that the Petitioner has not exhausted his state remedies as required by law. See 28 U.S.C. § 2254(b)(1). Consistent with Roseboro v. Garrison, the Court provided the Petitioner with a copy of the Respondent's motion along with an explanation of the procedural rules governing the Respondent's motion. Thereafter, on July 11, 2006, the Petition filed a response in opposition to the Respondent's motion.



After examining the issues at hand, the Magistrate Judge filed a Report and Recommendation (R&R), recommending that the Court grant the Respondent's motion for summary judgment and dismiss the petition without prejudice as an unexhausted petition. Attached to the R&R was a notice alerting the parties of the right to file written, specific objections to the R&R within ten days and alerting the parties of the serious consequences of failing to do so. On October 12, 2006, the Petitioner filed timely objections to the R&R as well as a motion to stay the proceedings pending the ALC's decision. On October 26, 2006, the Respondent filed a response in opposition to the Petitioner's motion to stay the proceedings.

## **STANDARD OF REVIEW**

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which the objection is made and the basis for the objection. Id. After a review of the entire record, the R&R, and Tillman's objections to the R&R, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and incorporates it by specific reference into this Order.

## **DISCUSSION**

I.   **The Petitioner has not exhausted his state remedies.**

In his § 2241 petition, the Petitioner asserts as his sole ground for relief that the Respondent violated the ex Post Facto Clause of the United States Constitution by changing his punishment after it was imposed by the sentencing court. Specifically, the Petitioner asserts that the Respondent has erroneously taken away his parole eligibility.

In its motion for summary judgment, the Respondent submits that it is entitled to summary judgment because the Petitioner has not exhausted his available state remedies. See 28 U.S.C. § 2254(b). In fact, the Petitioner filed an appeal with the ALC on March 9, 2005, but this appeal is still pending before the ALC.[1] Additionally, should the Petitioner

---

[1] In an effort to ensure utmost accuracy and fairness, this Court contacted the ALC on March 12, 2007, to inquire about the status of the Petitioner's appeal. According to the

receive an unfavorable decision from the ALC, he can appeal such decision to the Circuit Court, then to the South Carolina Court of Appeals, and ultimately, to the South Carolina Supreme Court. In light of the aforementioned, the Court agrees with the Magistrate Judge's conclusion that the Petitioner has adequate and available state remedies that he must exhaust before the Court can consider his § 2241 petition on the merits.

### A.   The Petitioner's Objections to the R&R

On October 12, 2006, the Petitioner filed objections to the R&R. In his objections, the Petitioner seems to ask the Court to make an exception to the exhaustion requirement, asserting that he "has not had an opportunity to obtain redress of the alleged violations . . . ." (Obj. at 2.) The Petitioner also asserts that the state has waived its right to whether exhaustion is required and that the state failed to appeal and exhaust his sentencing. Finally, the Petitioner asserts that the Magistrate Judge's findings of fact are erroneous.

First, the Court denies the Petitioner's request for the Court to make an exception to the exhaustion requirement, as the law plainly requires that the Petitioner exhaust his remedies before bringing a § 2241 action. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); see also 28 U.S.C. § 2254(b)(1).[2]

---

ALC's records, the Petitioner's appeal is still active and pending.

[2] 28 U.S.C. § 2254(b) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

Here, the Petitioner asserts that he has not had the opportunity to obtain redress, but this assertion is erroneous, as the Petitioner currently has an appeal pending with the ALC. Stated another way, the Petitioner has not shown an absence of a state corrective process or that circumstances exist to render such state process ineffective. Therefore, the Court denies the Petitioner's request for an exception to the exhaustion requirement. See also 28 U.S.C. § 2254(3)(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Next, the Court also rejects the Petitioner's assertion that the state of South Carolina has waived its rights to whether exhaustion is required. Pursuant to 28 U.S.C. § 2254(3), "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Here, there has been no express waiver of the exhaustion requirement, and therefore, the "state shall not be deemed to have waived the exhaustion requirement." 28 U.S.C. § 2254(3). Likewise, the Court rejects the Petitioner's assertion that the state of South Carolina "defaulted" by failing to appeal and exhaust his initial sentencing, as this objection is simply without merit.

Finally, the Court rejects the Petitioner's objection to the Magistrate Judge's findings of fact. Although the Petitioner asserts that these findings of fact are erroneous, nowhere

---

(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

does he point to any specific errors or even state why or how the findings of fact are erroneous. The Court overrules such an unspecific and unsubstantiated objection, especially in light of the fact that the Petitioner admits in his pleadings that he has a pending appeal before the ALC.

II.     **Good cause does not support a stay and abeyance of Tillman's petition.**

In addition to filing the aforementioned objections to the R&R, the Petitioner also filed a motion to stay "any and/or all pending proceeding[s] under 28 U.S.C. § 2241." The Respondent filed a response in opposition to the Petitioner's motion, alleging that the Petitioner has failed to present valid grounds to support the issuance of a stay in this matter. For the following reasons, the Court agrees with the Respondent.

First, the Petitioner has adequate and available state remedies that he must exhaust before seeking habeas corpus relief in federal court. Moreover, it is apparent that the Petitioner is attempting to exhaust such remedies at this time, as he currently has an appeal pending at the ALC. And again, should he receive an unfavorable decision from the ALC, he can appeal this decision, ultimately, to the South Carolina Supreme Court. Finally and most importantly, in light of all of the circumstances, the Court finds that "good cause" does not support the stay and abeyance of the Petitioner's habeas corpus petition. See Rhines v. Weber, 544 U.S. 269, 270 (2005) (stating that "stay and abeyance should be available only in limited circumstances and only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims"); cf. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good cause' for him to file in federal court [and ask the federal court to stay and abey the federal proceedings pending

8

exhaustion.]"). Here, the Court finds that the Petitioner has demonstrated neither "reasonable confusion" about whether his state filing is timely nor good cause for his failure to exhaust his claims. Accordingly, the Court determines that stay and abeyance would serve only to frustrate the objective of encouraging finality of state court judgments and to undermine the goal of streamlining federal habeas corpus proceedings by reducing a petitioner's incentive to exhaust his claims in state court before filing a federal petition. See Rhines, 544 U.S. at 270. Therefore, the Court denies the Petitioner's motion to stay the present § 2241 petition.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Petitioner's objections are overruled, the Magistrate Judge's R&R is adopted as the Order of the Court, and the Petitioner's § 2241 petition is dismissed *without prejudice* for refiling upon exhaustion. It is further

**ORDERED** that the Petitioner's motion to stay the proceedings pending the ALC's decision is DENIED. The Court dismisses the petition without prejudice for refiling upon exhaustion of the Petitioner's claim.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March 14, 2007
Charleston, South Carolina